# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-477-GW(Ex) | Date | March 12, 2018 |
| Title | *Jieun Kim, et al. v. Joseph (UK) Inc., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Phyllis Preston | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Eli M. Kantor
Jonathan D. Kantor

Attorneys Present for Defendants:

Gary E. Scalabrini

**PROCEEDINGS:** PLAINTIFF'S MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEY'S FEES TO PLAINTIFF [12]

DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STRIKE, PLAINTIFF'S PAGA CLAIM [11]

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, the above-entitled motions are TAKEN UNDER SUBMISSION. Court to issue ruling.

: 09

Initials of Preparer  JG

*Jieun Kim, et al. v. Joseph (UK), Inc.*; Case No. 2:18-cv-00477-GW-(Ex)
Tentative Ruling on Plaintiffs' Motion to Remand

**I. Background**

Plaintiffs Jieun Kim, Tristan Lepen, Bora Shim, and Dru Bedard sue Defendant Joseph (UK) Inc., which will do business in California as Joseph (UK) Retail ("Joseph"), alleging various wage-and-hour claims.[1] *See generally* Complaint, Docket No. 1-1. Plaintiffs allege that each was employed by Joseph at a retail clothing store between 2014 and 2016 and that none remain so employed. *See id.* ¶¶ 16, 18, 20, 22. As factual support for their wage-and-hour claims, Plaintiffs allege that while employed by Joseph they were not provided rest periods for work periods in excess of four hours and were not compensated one hour's wages in lieu thereof (*id.* ¶ 24); they did not receive an uninterrupted meal period of at least 30 minutes before the end of a five hour work period and were not compensated one hour's wages in lieu thereof (*id.* ¶ 25); they were not provided with an accurate itemized statement in writing showing gross wages earned, total hours worked, and all deductions (*id.* ¶ 26); and they were not provided all wages upon termination (*id.* ¶ 27). In 2016, each of the Plaintiffs filed an administrative complaint against Joseph with the California Labor Commissioner. *Id.* ¶¶ 17, 19, 21, 23.

Plaintiffs initiated this action in the Superior Court of California, County of Los Angeles on November 13, 2017. *See id.* On January 18, 2018,[2] Joseph removed the lawsuit to this Court, invoking its diversity jurisdiction. *See generally* Notice of Removal ("NOR"), Docket No. 1. To demonstrate that the jurisdictional amount in controversy was satisfied, Joseph stated:

> As set forth in Plaintiff's Complaint, the amount in controversy exceeds $75,000. Specifically, Plaintiff Kim alleges damages of

---
[1] Specifically, Plaintiffs allege the following causes of action: 1) failure to provide required rest breaks, in violation of Cal. Labor Code § 226.7; 2) failure to provide meal periods, in violation of Cal. Labor Code § 226.7; 3) failure to pay minimum wages, in violation of Cal. Labor Code §§ 1194, 1197, and 1197.1; 4) failure to pay overtime wages, in violation of Cal. Labor Code §§ 510 and 1194; 5) failure to provide accurate itemized wage statement to employees, in violation of Cal. Labor Code § 226; 6) failure to pay unpaid wages upon termination, in violation of Cal. Labor Code § 203; 7) failure to provide payroll records, in violation of Cal. Labor Code § 226; 8) failure to indemnify employees, in violation of Cal. Labor Code § 2802; 9) failure to provide a written explanation of commission structure, in violation of Cal. Labor Code § 2751; 10) failure to pay commission wages, in violation of Cal. Labor Code § 204; 11) failure to pay commission wages upon termination, in violation of Cal. Labor Code §§ 201, 202; 12) failure to pay earned vacation wages, in violation of Cal. Labor Code §227.3; 13) unlawful business practices, in violation of California Bus. & Prof. Code §§ 17200, *et seq.*; and 14) a private attorney general action ("PAGA") brought by "Kim and all other aggrieved employees" in accordance with Cal. Labor Code §2699.
[2] Joseph was served with the Complaint by mail. Pursuant to California law, service was "deemed complete" on December 21, 2017. *See* Cal. Civ. P. Code § 415.30. Accordingly, Joseph timely removed. *See* 28 U.S.C. 1446(b)(1) (permitting removal within thirty days of being served with a complaint).

1

> no less than $30,052.01; Plaintiff Lepen alleges damages of no less than $16,070.29; Plaintiff Shim alleges damages of no less than $32,046.43; and Plaintiff Bedard alleges damages of no less than $10,414. Such alleged damages total no less than $88,582.73.

*Id.* ¶ 7 (citations to the Complaint omitted). On January 19, 2018 and again January 23, 2018, counsel conferred regarding Plaintiffs' intention to move the Court to remand the matter back to the Superior Court. *See* Declaration of Eli M. Kantor ("Kantor Decl."), Docket No. 12-3, ¶ 3. After those conversations, on January 24, 2018, Joseph amended its Notice of Removal.[3] *See generally* First Amended Notice of Removal ("FANOR"), Docket No. 8. Most notably, Joseph amended its assertion that the jurisdictional amount in controversy was satisfied, now stating:

> As set forth in Plaintiff's Complaint and other papers, the amount in controversy exceeds $75,000. Specifically, in the Complaint, Plaintiff Kim alleges damages of no less than $30,052.01; Plaintiff Lepen alleges damages of no less than $16,070.29; Plaintiff Shim alleges damages of no less than $32,046.43; and Plaintiff Bedard alleges damages of no less than $10,414. Plaintiff Kim also sent a demand to Defendant, in which she stated that she is "owed $50,000 in unpaid wages, overtime and reimbursements."

*Id.* ¶ 8 (citations to the Complaint omitted). Notably, Joseph no longer contended that Plaintiffs' four separate demands for damages ought to be aggregated. Additionally, for the first time Joseph indicated that Kim's claim for damages is greater than the $30,052.01 she sought in the administrative complaint she filed with the California Labor Commissioner. *See* Complaint, Exhibit 1. Joseph instead stated that the $50,000 in controversy by virtue of Kim's demand letter, coupled with unspecified "penalties under the California [PAGA] on [Kim's] behalf and on behalf of all other aggrieved employees," and unspecified "attorney's fees under the California Labor Code" "exceed $75,000." FANOR ¶¶ 9-11.

Unsatisfied that Joseph's amended pleading demonstrates the Court has jurisdiction, Plaintiffs move to remand the matter back to the Superior Court. *See* Motion to Remand ("MTR"), Docket No. 12. Joseph opposes the MTR.[4] *See generally* Opposition to MTR

---

[3] "[A] defendant may amend the Notice of Removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction.'" *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting 28 U.S.C. § 1653).

[4] In addition to arguing against the merits of the MTR, Joseph asked the Court to modify the briefing schedule to permit Joseph to file the Opp'n to MTR on February 22, 2018. *See* Opp'n to MTR at 13. However, the Opp'n to MTR, which asked for this modified schedule, was filed on February 21, 2018. The Court thus understands Joseph's request as one to consider the arguments put forth by Joseph in the Opp'n to MTR notwithstanding the fact that it was not filed 21 days before the date designated for the hearing of this Motion. *See* C.D. Cal. L.R. 7-9. The

("Opp'n to MTR"), Docket No. 15. Also pending before the Court is Joseph's Motion to Dismiss, or in the Alternative Strike, Plaintiff's PAGA Claim. *See generally* Motion to Dismiss ("MTD"), Docket No. 11. The Court would only consider the merits of the MTD if it has jurisdiction and thus must begin its analysis with the MTR. Because the Court would find that the jurisdictional amount in controversy is not satisfied and would remand this action, the Court does not consider the merits of Joseph's MTD.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

28 U.S.C. § 1441 permits a defendant to remove certain civil actions brought in a state court to federal district courts. The removal statute is strictly construed against removal jurisdiction, however, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Generally, [a] defendant has the right to invoke federal removal jurisdiction if the case *could* have been filed originally in federal court (*i.e.* on diversity or federal question grounds)." O'Connell & Stevenson, *Federal Civil Procedure Before Trial: California and Ninth Circuit Edition* ("*Federal Practice Guide*") § 2:2192 (Rutter Grp. 2016) (emphasis in original); *see also Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). Federal district courts have original jurisdiction in actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1331(a)(1). In the Ninth Circuit, district courts may consider an evidentiary record to determine if the jurisdictional amount in controversy is satisfied. *See Lewis v. Verizon*

---

Court will do so as the MTR was initially set for a hearing on March 15, 2018 but the Court of its own volition advanced the hearing date to March 12, 2018. *See* Docket No. 14.

*Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). When a complaint does not allege a specific amount in controversy, a preponderance of the evidence standard is employed. *Id.* (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).

## III. Discussion

The parties agree that complete diversity of citizenship exists. Plaintiffs are citizens of California[5] while Joseph is a New York corporation with a principle place of business in New York and thus a citizen of New York in accordance with 28 U.S.C. § 1332(c). *See* Complaint ¶¶ 4-8; *see also* FANOR ¶¶ 6-7.

The issue before the Court is whether the amount in controversy exceeds $75,000. At the time this action was removed, Joseph averred the jurisdictional amount in controversy was satisfied by aggregating the amounts sought in the four Plaintiffs' administrative complaints and thus calculated the amount in controversy to be $88,582.73, excluding PAGA penalties and attorneys' fees. *See* NOR ¶ 7. That, of course, is impermissible. "If the claims joined are 'separate and distinct,' each plaintiff's claims must meet the jurisdictional minimum; *i.e.* aggregation is not permitted." *Federal Practice Guide* § 2:1914 (citing *Pinel v. Pinel*, 240 U.S. 594, 596 (1916)). Joseph realized its error and filed the FANOR which no longer aggregates the Plaintiffs' separate and distinct claims against Joseph. *See* FANOR ¶ 8. Instead, Joseph now argues that the jurisdictional amount in controversy is satisfied because Kim's claim for unpaid wages, overtime, and reimbursements, combined with the amount in controversy stemming from potential PAGA penalties and anticipated attorneys' fees, exceeds $75,000. *See generally* Opp'n to MTR; *see also* FANOR ¶¶ 8-11.

### A. Unpaid Wages, Overtime, and Reimbursements

Plaintiffs attached to the Complaint the administrative complaints filed with the California Labor Commissioner. *See* Complaint, Exhibits 1-4. Defendant contends that Kim sought $30,052.01 for unpaid wages, overtime, and reimbursements through the administrative complaint she filed.[6] Joseph encourages the Court to disregard that amount, however, and

---

[5] The Complaint states that Plaintiffs "reside" in Los Angeles County. Residence, of course, is not the same as citizenship but may be evidence of citizenship. *See Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). Both the NOR and FANOR describe Plaintiffs as "citizens" of California and Plaintiffs do not challenge that characterization in seeking to remand this matter. Accordingly, the Court is satisfied that Plaintiffs are citizens of California.

[6] The Court's review of Kim's administrative complaint reveals that at most Kim sought $29,818.12 and cannot replicate Defendant's calculation.

4

instead deem the amount in controversy stemming from Kim's claim for unpaid wages, overtime, and reimbursements to be $46,802.25. *See* Opp'n to MTR at 5. As evidence that this larger amount is in controversy, Joseph directs the Court to a September 28, 2016 email (predating Kim's October 17, 2016 administrative complaint) in which she demands exactly $50,000 in unpaid wages, overtime, and reimbursements. *See* Docket No. 15-1 at 4 of 7. Joseph contends that after receiving Kim's demand letter it paid her $3,197.75 and thus she still demands $46,802.25.

A settlement letter may be used by a court as "relevant evidence" to determine the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Plaintiffs argue that Joseph's reliance on *Cohn* is misplaced and that the case should be read to hold that only a letter seeking settlement for an amount greater than $75,000 may be used to demonstrate jurisdiction. *See* Reply in Supp. of MTR, Docket No. 17, at 2-3. In other words, Plaintiffs argue that the Court should not combine the amount purportedly sought by Kim in the September 28, 2016 email with any other amounts allegedly in controversy. *See id.* Because a demand of $50,000 does not exceed $75,000, Plaintiffs argue that the letter is not relevant to the Court's analysis. *See id.* The Court finds nothing in the Ninth Circuit's analysis to suggest that *Cohn* should be limited in the manner Plaintiffs contend and Plaintiffs direct the Court to no other authority to support the argument. Accordingly, the Court rejects this contention and would not find that a settlement letter must seek greater than $75,000 on its face to be used as evidence that the jurisdictional amount in controversy is met.

The Court would note that Joseph previously represented to it that Kim only sought $30,052.01. *See* NOR ¶ 7. Plaintiffs do not argue that Joseph ought to be bound to that amount, however, and thus for its purposes here the Court will accept that the amount in controversy for Kim's claims for unpaid wages, overtime, and reimbursements is $46,802.25, not $30,052.01.

Joseph acknowledges that $46,802.25 "is insufficient to meet the amount in controversy necessary to establish diversity jurisdiction." Opp'n to MTR at 5. But, Joseph contends, when combined with possible PAGA penalties and an estimate of reasonable attorney's fees, the jurisdictional amount in controversy is satisfied. *See id.* The Court will now consider those.

### B. PAGA Penalties

Joseph calculates that the amount of PAGA penalties sought here is $77,800. *See* Opp'n to MTR at 7. These penalties alone, Joseph contends, satisfy the jurisdictional amount in

5

controversy limitation. *See id.* The PAGA cause of action is brought on behalf of "Kim and all other aggrieved employees." *See* Complaint ¶ 113. Accordingly, PAGA penalties cannot be aggregated to demonstrate that the jurisdictional amount in controversy is satisfied. *See Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). This is unsurprising as it is merely an application of established jurisprudence – aggregation of separate and distinct claims is not permitted to demonstrate that the jurisdictional amount in controversy is satisfied. *See Federal Practice Guide* § 2:1914. In *Urbino* the Ninth Circuit held that claims brought for California Labor Code violations under PAGA cannot be aggregated, despite the fact the employees would recover from a common fund of civil penalties. *See id.* Because each employee suffered a unique injury that could be redressed without the involvement of other employees, the obligations were several. *See id.*; *see also Pinel*, 240 U.S. at 596.

In arguing against remand and in attempt to establish the Court's jurisdiction, Joseph has for a second time impermissibly aggregated separate and distinct claims. *See* Opp'n to MTR at 7; *see also* NOR ¶ 7. Because its calculation of potential penalties owed all employees under the PAGA is expressly disallowed by *Urbino*, the Court would disregard the estimate of $77,800. Of course, some portion of those penalties is attributable to Joseph's alleged violations Kim's statutory rights and the Court ordinarily would consider that amount in its analysis here. *See Urbino*, 726 F.3d at 1121 (there, the parties presented evidence that $11,602.40 of aggregated penalties of $9,004,050 were attributable to the named plaintiff). Joseph did not provide the Court an estimate of what portion of the estimated $77,800 in penalties may be attributed to Kim, instead stating that "[g]iven the individualized nature of a majority of the statutory claims upon which Plaintiff seeks PAGA penalties, it is impossible to thoroughly analyze the full extent of the amount sought by Ms. Kim." Opp'n to MTR at 6-7. As the party invoking the Court's jurisdiction, Joseph bears the burden of establishing that the jurisdictional amount in controversy is satisfied. *See Kokkonen*, 511 U.S. at 377. Having failed to provide the Court with evidence of the amount in controversy for PAGA penalties relating to violations of Kim's statutory rights, the Court cannot include the PAGA penalties in determining its jurisdiction.[7]

---

[7] Joseph asks for "limited discovery" to explore the amount in controversy here. *See* Opp'n to MTR at 11. The Court has within its discretion the ability to allow discovery to aid in determining whether subject matter jurisdiction exists. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). Jurisdictional discovery is not required, however, and vested in the Court's sound discretion. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 692 (9th Cir. 2006) (in exercising its discretion a court should be mindful to avoid "substantial, burdensome discovery on jurisdictional issues"). Joseph seeks, "[a]t a minimum," to depose Kim or

C. Attorney's Fees

Attorney's fees recoverable by statute or contract may be included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1151-56 (9th Cir. 1998); *see also Federal Practice Guide* § 2:1756. Here, should Plaintiffs prevail on the merits they would be entitled to reasonable attorney's fees pursuant to statutory provisions. *See* Cal. Labor Code §§ 218.5, 226(e), 1194, and Cal. Civ. Proc. Code § 1021.5; *see also* Complaint at 23 (praying for reasonable attorney's fees under those provisions of the California Code). Accordingly, the Court will consider attorney's fees in determining whether the jurisdictional amount in controversy limitation is met.

"It is unclear from the case law, however, what amount of attorney's fees are properly included within the amount in controversy," with some courts fixing the amount at the date of removal and others projecting the costs forward to resolution. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); *compare Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1018-19 (D. Or. 2012) (anticipated attorney's fees after removal cannot be considered), *with Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (attorney's fees that could be reasonably anticipated at time of removal should be considered). Recent cases in this district have favored the approach projecting future attorney's fees. *See, e.g.*, *Stainbrook v. Target Corp.*, Case No. 2:16-cv-00090-ODW, 2016 WL 3248665, at *5-6 (C.D. Cal. June 8, 2016); *Ponce v. Medical Eyeglass Center, Inc.*, Case No. 2:15-CV-04035-CAS, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015); *Benns v. ITT Educ. Serv. Inc.*, Case No. 2:16-CV-03298-SVW, 2016 WL 3753476, at *2 (C.D. Cal. July 11, 2016); *but see Archibold v. Time Warner Cable, Inc.*, Case No. 2:15-CV-01776-FMO, 2015 WL 3407903, at *5 (C.D. Cal. May 27, 2015) (finding that where a defendant introduced no "figures or reasons" to establish the amount of attorney's fees, the court would not include them). This Court, in fact, suggested that an estimate of attorney's fees over the course of litigation may be appropriate in determining the amount in controversy. *See Jones v. CLP Resources, Inc.*, Case No. 2:16-cv-

---

submit written discovery to both determine the amount of her claim and to obtain copies of her files to establish the extent of her claims. *See* Opp'n to MTR at 11. Joseph thus describes a minimum of substantial, burdensome discovery that would significantly prolong the Court's consideration of this action. Moreover, Joseph, as Kim's former employer, has control to her personnel file and could have made reasonable efforts to estimate the potential PAGA penalties attributable to violations of Kim's statutory rights at the time of removal, but failed to do so. For those reasons the Court would not order jurisdictional discovery.

7

02133-GW, 2016 WL 8950063, at *6 (C.D. Cal. May 23, 2016) (citing *Brady* with approval but ultimately finding that plaintiff's claims for lost income alone satisfied the jurisdictional amount in controversy and thus consideration of reasonable attorney's fees was unnecessary).

The Court would align itself with the growing trend in this judicial district and find that where attorney's fees are recoverable by statute, a reasonable projection of fees to resolution of the case may be employed to determine the amount in controversy. Joseph contends that projected attorney's fees here alone would exceed $75,000. *See* Opp'n to MTR at 10 ("[T]he attorneys' fees that can reasonably be anticipated in this action exceeds $75,000."). In so arguing, Joseph seems to suggest that given the California fee shifting statutes at issue here "every [wage-and-hour] case would be removable." *See id.* That cannot be correct; Joseph is obligated to provide the Court with some evidence projecting the amount of reasonable attorney's fees at issue and not merely rely on the nature of the claims asserted.[8] To satisfy its evidentiary burden Joseph asks the Court to take judicial notice of a motion for attorney's fees and a court order in *Hollis v. Sharma*,[9] a different case litigated by Plaintiffs' counsel. *See* Docket No. 15-3. Plaintiffs do not oppose the request for judicial notice and accordingly the Court will consider the documents. *See* Fed. R. Evid. 201(b)(2) (permitting judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (a court may take judicial notice of matters of public record).

The fee motion in *Hollis* sought attorney's fees of $56,000 in a case that resulted in terminating sanctions and an award of $65,610. *See* Docket No. 15-3 at 9 of 29. Ultimately, the court there awarded fees of $52,360. *See id.* at 5 of 29. That case and this one are distinguishable in that in *Hollis* a single plaintiff sued her former employer whereas here four plaintiffs are named in the Complaint. In yet another application of the prohibition on aggregation of separate and distinct claims, courts are cautioned in the context of a putative class actions and PAGA actions to consider only the named plaintiff's share of fees and not those incurred on behalf of others in determining if the jurisdictional amount in controversy is

---

[8] The Court is aware of one case in which a prevailing attorney in a wage-and-hour case was awarded a reasonable fee of $500. *See Harrington v. Payroll Entm't Serv., Inc.* 160 Cal. App. 4th 589, 594 (2008). The Court cannot presume that the attorneys' fees in controversy in *every* wage-and-hour case - or any other type of case for that matter - exceed $75,000.

[9] Superior Court of California, County of Los Angeles Case No. BC545606.

satisfied. *See Federal Practice Guide* §§ 2:1760, 2:1761. Thus, in calculating a projection of reasonable attorney's fees, the Court would consider only those attributable to Kim's claims.

Here, Kim's maximum projected recovery based on the evidence before the Court is $46,802.25. As such, the Court would have to project a reasonable award of attorney's fees allocable to Kim of $28,197.76 to find that it has jurisdiction. Other than directing the Court to review a fee motion filed in an unrelated case, Joseph has offered no "figures or reasons" to establish the total amount of attorney's fees reasonably projected at the time of removal for this case, let alone those allocable to Kim. *See Archibold*, 2015 WL 3407903, at *5. But even if the Court were to assume that the amount of attorney's fees at issue here would be identical to the demand made by the four attorneys in *Hollis* of $56,000,[10] *and* assume that one quarter of that amount may be allocated to Kim, the Court would be left with a figure of $14,000 – less than half the $28,197.76 the Court would need to find to satisfy the jurisdictional amount in controversy.

D. Summation

In sum, the Court would accept that the amount in controversy related to Kim's claim for unpaid wages, overtime, and reimbursements is $46,802.25. While the Court acknowledges that some amount of the potential PAGA penalty is attributable to violations of Kim's statutory rights, Joseph offers the Court no evidence to establish what that amount is and instead impermissibly aggregates, much as it did when it first removed this action. *See* NOR ¶ 7. Joseph similarly fails to provide the Court evidence of what attorney's fees allocable to Kim would reasonably be in this matter, instead relying on the wage-and-hour allegations to suggest that the fees will be sufficiently substantial to justify removal. Joseph bears a burden here as the removing party to establish jurisdiction. *See Kokkonen*, 511 U.S. at 377. It has failed to carry that burden and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus*, 980 F.2d at 566. The Court would thus remand this action.

---

[10] Joseph makes the conclusory argument that "Plaintiff will expend more than double the attorneys' hours" in this case as compared to *Hollis*. *See* Opp'n to MTR at 10. In *Hollis*, four attorneys justified the reasonableness of the $56,000 sought by noting that they attempted to negotiate a settlement with the defendant prior to filing suit, drafted and filed the complaint, propounded and responded to discovery, filed four motions to compel discovery, a motion for terminating sanctions, a motion for judgment on the pleadings, and attended seven court hearings. *See* Docket No. 15-3 at 21 of 29. The Court would thus find that Joseph's assertion that "more than double the attorneys' hours" will be expended here on behalf of Kim is speculative, unsupported, and cannot be included in determining the amount in controversy. *See Clark v. Chartis Glob. Ins. Serv., Inc.*, Case No. 2:11-CV-02155-MMM, 2011 WL 13220406, at *5 (C.D. Cal. July 29, 2011).

E. Attorney's Fees relating the MTR

The proposed order accompanying the MTR provides for an award of attorney's fees "incurred in connection with the remand of this action." Plaintiffs do not argue, however, why an award of fees is appropriate in this case, seemingly presuming that a plaintiff that prevails on a motion to remand would be entitled to fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While Joseph clearly misunderstood the rules governing aggregation at the time this case was removed (and in arguing against remand), the Court would not find it lacked a objectively reasonable basis for seeking removal. Given the absence of any argument by Plaintiffs for why the Court should award fees, the Court would deny Plaintiffs' request for attorney's fees incurred in connection with the remand of this action.

## IV. Conclusion

Based on the foregoing discussion, the Court would remand the case. Additionally, in light of the Court's ruling on the motion to remand, it need not address the Defendant's motion to dismiss.